505 So.2d 13 (1987)
Eric Bernard McCRIMMON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1517.
District Court of Appeal of Florida, Fifth District.
April 2, 1987.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Eric Bernard McCrimmon appeals the denial of his motion to suppress evidence which was seized when McCrimmon was arrested for the violation of a municipal ordinance. McCrimmon contends that the municipal ordinance was invalid, and thus the arrest was illegal and the items seized as a result of that arrest should have been suppressed. We disagree for two reasons.
First, the municipal ordinance, which prohibited the riding of bicycles on sidewalks in the City of Orlando, was a valid exercise of municipal authority. See §§ 316.002 and 316.008(1)(h), Fla. Stat. Second, even if the municipal ordinance were held to be invalid, evidence which is seized incident to an arrest concerning a municipal ordinance which is subsequently declared to be unconstitutional or invalid, is still admissible. See Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); Williams v. State, 491 So.2d 611 (Fla. 1st DCA 1986). For these reasons, the decision of the lower court is
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.