529 So.2d 791 (1988)
The STATE of Florida, Appellant,
v.
James JOYCE, Appellee.
No. 87-3083.
District Court of Appeal of Florida, Third District.
August 9, 1988.
Robert A. Butterworth, Atty. Gen., and Joni Braunstein, Asst. Atty. Gen., for appellant.
Sheldon R. Zilbert, for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
We reverse an order granting a motion to suppress and remand with instructions to reinstate the information.
Three City of Miami police officers, in marked vehicles, observed the defendant standing on a sidewalk drinking from a beer can. They drove up to the defendant intending to arrest him for a violation of a city ordinance which makes drinking in public a form of disorderly conduct. The ordinance provides:

*792 Any person in the city shall be deemed guilty of disorderly conduct who:
* * * * * *
11) is found consuming alcoholic beverages on the public streets or vacant lots or in places solely licensed to vend alcoholic beverages for consumption off the premises.
City of Miami, Fla., Code § 37-17(11) (1967).
Prior to the arrest two of the officers observed the defendant discard a yellow bank bag. After the arrest the bag was picked up, examined and found to contain money and illegal drugs. A search of the defendant revealed more controlled substances.
An information subsequently filed charged the defendant with three controlled substance violations and disorderly intoxication under section 856.011, Florida Statutes (1987). A conviction for violation of the disorderly intoxication statute, unlike the city ordinance, requires that the accused create a public disturbance in addition to drinking an alcoholic beverage in a public place.
One of the defendant's successful arguments before the trial court was that since the state had elected to proceed under the statute rather than the ordinance, the legality of the initial arrest must be tested by the statute. Therefore, as the argument concluded, because the defendant was peacefully consuming his beer, even though on a public street, there was no probable cause for an arrest.
We disagree with the defendant's contention that the validity of the search must be measured by statutory elements. The initial arrest was based on the violation of a presumptively constitutional[1] municipal ordinance as is evidenced by an arrest affidavit prepared by the officers near the time of the arrest. Under the ordinance there was probable cause for the arrest. It is irrelevant, for probable cause purposes, that the assistant state attorney elected, subsequently, to prosecute under a state statute rather than the ordinance. See Muehleman v. State, 503 So.2d 310 (Fla. 1987) (citing Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)) (evidence seized incident to an arrest under presumptively valid ordinance is admissible), cert. denied, ___ U.S. ___, 108 S.Ct. 39, 98 L.Ed.2d 170 (1987); Williams v. State, 491 So.2d 611 (Fla. 1st DCA 1986) (same); see also McCrimmon v. State, 505 So.2d 13 (Fla. 5th DCA 1987). There was no basis for suppressing the evidence obtained.
We need not reach the remaining arguments raised by the State.
Reversed and remanded.
NOTES
[1] The trial court did not address the defendant's attack on the constitutionality of the ordinance. For procedural reasons the challenge is not renewed in this appeal.