584 So.2d 145 (1991)
STATE of Florida, Appellant,
v.
Thomas Lee SMITH, Appellee.
No. 90-02600.
District Court of Appeal of Florida, Second District.
August 9, 1991.
*146 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
Elliott C. Metcalfe, Jr., Public Defender, and Laurence L. Eger and Jerome L. Meisner, Asst. Public Defenders, Sarasota, for appellee.
ALTENBERND, Judge.
The state appeals an order granting Thomas Lee Smith's motion to suppress. The trial court suppressed evidence of drugs seized during the defendant's arrest for violation of a county open container ordinance. Sarasota County, Fla., Ordinance 87-41 (1987). Although we agree with the trial court that the criminal sanction contained in the county's ordinance has been superseded by a noncriminal state statute, we reverse the suppression order because the ordinance was presumptively valid at the time of the arrest. The police officer was authorized to enforce the presumptively valid ordinance and to seize evidence obtained during the arrest. Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979).
On April 12, 1990, at approximately 8:45 p.m., a Sarasota County deputy sheriff observed the defendant make an improper left turn. As a result, the deputy stopped the defendant for the traffic infraction. When the deputy approached the car, he observed an open beer bottle between the seats. He knew that, under Sarasota County Ordinance 87-41, it was unlawful to possess an open container of alcohol in a motor vehicle while the vehicle was on a public way. The ordinance declared this offense punishable pursuant to section 125.69, Florida Statutes (1987), i.e., as a misdemeanor. The deputy opened Mr. Smith's car door to arrest him and observed a bag of marijuana in the vehicle. Ultimately, Mr. Smith was arrested and charged with violating the open container ordinance, possession of marijuana in excess of twenty grams, and possession of drug paraphernalia.[1] The defendant filed a motion to suppress the evidence of drugs and drug paraphernalia on the ground that the county ordinance had been superseded by a state statute and that, as a result, there had been no criminal offense to authorize a search of the vehicle.
In 1988, the Florida Legislature created a statewide open container law. Ch. 88-22, Laws of Fla. (codified at § 316.1936, Fla. Stat. (Supp. 1988)). The statute became effective October 1, 1988, and makes an open container violation a noncriminal moving traffic violation. § 316.1936(6), Fla. Stat. (1989). However, the statute also permits a county or municipality to
adopt an ordinance which imposes more stringent restrictions on the possession of alcoholic beverages in vehicles than those imposed by this section.
§ 316.1936(7), Fla. Stat. (1989).
The trial court ruled that the ordinance had been superseded by the statute. It decided that subsection 7 of the statute permitted a local government to restrict or prohibit open containers under circumstances which would otherwise be permitted by the state statute, but did not allow a local government to impose a more stringent penalty than that described in the state statute. As a result, the trial court granted the motion to suppress.
It is well established that a state statute prevails over a conflicting local ordinance. Art. VIII, §§ 1(f)-(g), Fla. Const. (1968); Edwards v. State, 422 So.2d 84 (Fla. 2d DCA 1982). It is not, however, always an easy task to determine whether a conflict exists. See generally 5 E. McQuillin, The Law of Municipal Corporations § 17.15 (3d ed. 1989); 6 E. McQuillin, The Law of Municipal Corporations § 21.35-36 (3d ed. 1989). This court has held that a municipality *147 cannot adopt a criminal ordinance which creates a penalty more severe than a state criminal statute regulating the same conduct. Edwards. On the other hand, local governments can sometimes create local ordinances which criminalize conduct not governed by state statute. See § 125.69, Fla. Stat. (1989). The question in this case is whether the county can create a criminal offense when the state has expressly created a noncriminal infraction to govern the same conduct. We conclude, at least in the context of this case, that it cannot.
The legislature has placed its recent enactment regarding open container violations within the Florida Uniform Traffic Control Law. Ch. 316, Fla. Stat. (1989). This chapter is generally intended to create a uniform, statewide traffic control system. See § 316.002, Fla. Stat. (1989). This uniform system treats many violations as noncriminal infractions rather than criminal offenses. See § 316.655, Fla. Stat. (1989). See also Ch. 318, Fla. Stat. (1989). Local governments are authorized to create additional traffic regulations in limited circumstances, but chapter 316 does not appear to permit local governments to criminalize conduct which the state has expressly declared to be noncriminal. § 316.008, Fla. Stat. (1989).
Interpreting section 316.1936 within the context of chapter 316, we are convinced that the legislature did not intend subsection 316.1936(7), which allows local governments to adopt "more stringent restrictions," to include an increase in penalty or a shift to criminal sanctions for conduct already restricted by the state statute. Accordingly, we hold that the criminal penalty described in Sarasota County Ordinance 87-41 conflicts with state law and is superseded by the noncriminal state sanction.
Although we agree that the local ordinance did not, as a matter of law, authorize an arrest in this case, our decision does not require the suppression of the evidence. See DeFillippo. See also State v. Joyce, 529 So.2d 791 (Fla. 3d DCA 1988); McCrimmon v. State, 505 So.2d 13 (Fla. 5th DCA 1987); Williams v. State, 491 So.2d 611 (Fla. 1st DCA 1986). This ordinance had been duly promulgated and was presumptively valid at the time of this arrest. As the United States Supreme Court has observed:
Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality  with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws. Society would be ill-served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement.
DeFillippo, 443 U.S. at 38, 99 S.Ct. at 2632, 61 L.Ed.2d at 350. The conflict between this ordinance and the state statute involves a complex legal analysis and certainly did not render the ordinance flagrantly unconstitutional. At the time the deputy sheriff discovered this evidence, he was merely enforcing a local ordinance which was presumptively valid. Accordingly, the evidence is admissible.
Reversed and remanded.
HALL, A.C.J., and PATTERSON, J., concur.
NOTES
[1] From these facts it is possible that the marijuana was discovered in plain view during a brief entry of the vehicle under the state statute to lawfully remove the beer bottle. The state did not take this position in either the trial court or this court and, accordingly, we do not base our decision on this theory.