589 So.2d 326 (1991)
STATE of Florida, Appellant,
v.
Lamar CALLOWAY, Appellee.
No. 89-2606.
District Court of Appeal of Florida, Fifth District.
October 24, 1991.
Rehearing Denied December 5, 1991.
*327 Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellee.
Mark R. Brown, St. Petersburg, amicus curiae for American Civ. Liberties Union.
PER CURIAM.
The state appeals two orders entered by the trial court. First, the state appeals the trial court's order declaring unconstitutional a Melbourne municipal ordinance that prohibits loitering for the purpose of engaging in drug-related activity. This order is not an appealable order because the order merely declares the ordinance unconstitutional. See Fla.R.App.P. 9.140(c).
The state also appeals the trial court's order granting appellee's motion to suppress cocaine seized from his person pursuant to a warrantless search made incident to his arrest for allegedly violating the ordinance. This order is appealable under rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure. See State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991).
The trial court granted appellee's motion to suppress, ruling that the arrest of defendant was illegal because the ordinance is unconstitutional. This ruling is erroneous. Even if the subject ordinance is unconstitutional, a matter which we need not decide in this appeal,[1] the seized evidence *328 is not subject to suppression. The fact that an ordinance is subsequently determined to be unconstitutional does not undermine the lawfulness of an arrest which was made in good faith reliance on the ordinance. Therefore, evidence seized pursuant to a search of an individual incident to an arrest for violating the ordinance is not subject to suppression. Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). See also Muehleman v. State, 503 So.2d 310 (Fla. 1987); State v. Smith, 584 So.2d 145 (Fla. 2d DCA 1991); State v. Joyce, 529 So.2d 791 (Fla. 3d DCA 1988); McCrimmon v. State, 505 So.2d 13 (Fla. 5th DCA 1987); Williams v. State, 491 So.2d 611 (Fla. 1st DCA 1986). Because the Melbourne loitering ordinance had not been declared unconstitutional at the time of defendant's arrest by any controlling precedent, the police officer acted in good faith by relying on a presumptively valid ordinance.
We note, parenthetically, that the crucial issue on the motion to suppress was whether the arresting officer had probable cause to believe that appellee's conduct at the time of his arrest violated the loitering ordinance. DeFillippo, 99 S.Ct. at 2631-2632. Unfortunately, the trial court, at the insistence of defense counsel, decided the broader constitutional issue and not the probable cause issue. On remand, this latter issue should be addressed by the trial court after a full evidentiary hearing.
Accordingly, we reverse the trial court's suppression order and remand this cause to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
W. SHARP, GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] Compare Wyche v. State, 573 So.2d 953 (Fla. 2d DCA 1991) (municipal ordinance prohibiting loitering for the purpose of prostitution is facially constitutional) with Johnson v. Carson, 569 F. Supp. 974 (M.D.Fla. 1983) (municipal ordinance prohibiting loitering for the purpose of prostitution is facially unconstitutional). See also Holliday v. Tampa, 586 So.2d 64 (Fla. 2d DCA 1991) (following Wyche and upholding as facially constitutional a municipal ordinance prohibiting loitering for the purpose of selling drugs and certifying the constitutionality of that ordinance to the supreme court).