698 So.2d 583 (1997)
F.Y.I. ADVENTURES, INC., etc., Appellant,
v.
CITY OF OCALA, Appellee.
No. 96-697.
District Court of Appeal of Florida, Fifth District.
August 1, 1997.
Rehearing Denied August 28, 1997.
Christopher A. Desrochers, Winter Haven, for Appellant.
Patrick G. Gilligan and Clayton K. Ellis of Gilligan and King, P.A., Ocala, for Appellee.
W. SHARP, Judge.
We granted rehearing, withdrew our prior opinion, and requested oral argument in this cause. Upon further reflection after hearing oral arguments, we affirm.
F.Y.I. Adventures, Inc. (F.Y.I.) appeals from a final summary judgment denying it relief in its declaratory judgment suit filed against the City of Ocala. In that suit, F.Y.I. challenged the City's ordinance,[1] which regulates the play and conduct of bingo games in the City limits because it was in conflict with state law, section 849.0931,[2] and on various constitutional grounds. F.Y.I. is a for profit corporation that leases real property in the City of Ocala. It then subleases the premises for a fixed rental amount to charitable organizations for the conduct and play of bingo games. In addition, F.Y.I furnishes rooms, tables, chairs and other equipment for the games, as well as providing utilities, concession stands, vending machines and advertising and bookkeeping services.
F.Y.I pays $4,946.66 per month to rent the premises. In turn it charges the six charities who sublease the facility $1,100.00 per bingo session, for two sessions each week. F.Y.I collects a total rental of $13,200 per week from the six charities. The rental is paid to F.Y.I. out of the proceeds of the bingo game, and if there is money made above the $1,100 *584 rental fee, it goes to the charity. If not, the $1,100.00 is taken out of the proceeds of future games.
The ordinance contains provisions that parallel the provisions of section 849.0931, and some that go beyond the statute's requirements. For example, the statute provides that charitable or non-profit organizations it authorizes to conduct bingo games can only conduct bingo games on property owned by the charity or property leased for a period of not less than one year, the lease must not require payment of a percentage of the proceeds generated, and the rental rate for such premises must not exceed the rental rates charged for similar premises in the same locale. The ordinance goes further and provides that lessors cannot lease their property more than four days a week for the conduct of bingo games, and that only one charity can use any given premises in one day to play bingo. Further, the ordinance provides that no organization associated with the conduct of bingo can receive payment for providing bingo equipment and supplies.
Since these provisions do impact F.Y.I.'s current business in assisting charities to conduct bingo games, we conclude it has standing to challenge the ordinance.[3] The lower court did not find that F.Y.I. was "conducting" bingo games in Ocala, nor did it make findings that the rental rates exceeded those allowed by the statute.
The ordinance also requires that all persons who conduct bingo games be licensed by the City and in so doing, they must make application, reveal certain information, and pay a fee. It requires that participation in the conduct of bingo is limited to persons who have been members of the charitable organization at least one year and that they have been residents of Marion County for at least six months. These provisions exceed or go beyond the requirements of the statute. The ordinance explains that it is intended to discourage commercialization of bingo in all its forms. It states there is a need to supervise and license bingo play in the City to prevent the diversion of proceeds of the games from the charities to whom the Florida Legislature intended it to go.
Upon review of the statute, we do not perceive that the Legislature intended to preempt the "field of bingo play." There are no provisions in the statute that indicate the Legislature intended that bingo be uniform across the state, unlike the decriminalization of traffic infractions, which contains that kind of language. See Thomas v. State, 614 So.2d 468 (Fla.1993). Our sister court reached that same conclusion in Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661 (Fla. 3d DCA 1976). Although the bingo statute has been revised since that case was decided, it was as it is today, a comprehensive, detailed statement of how and who can conduct bingo games without violating section 849.0931. In that case, the third district upheld the County ordinance which imposed stricter guidelines and standards on persons and organizations that conduct bingo games than was required by the statute.
If there is no issue of preemption, then the question is whether an ordinance passed by a municipality or county with Home Rule powers, "conflicts" with the state statute. Art. VIII § 11(5), Fla. Const. "Conflict" for this purpose is given a very strict and limited meaning. As the Jordan Chapel court stated, they must contradict each other in the sense that both legislative provisions (the ordinance and the statute) cannot co-exist. They are in "conflict" if, in order to comply with one, a violation of the other is required. The question is, does compliance with the ordinance violate the state law, or make compliance with state law impossible? It is not a conflict if the ordinance is more stringent than the statute. See also Board of County Commissioners of Dade Co. v. Wilson, 386 So.2d 556, 560 (Fla. 1980).
This meaning of conflict was approved in Thomas. The court stated that if an area of law is not preempted by the state law, then a city can pass ordinances concurrently on subjects regulated by state statute. But an *585 ordinance, which is inferior to a state statute, cannot forbid what the statute expressly licenses, authorizes or requires. Nor may it authorize what the statute forbids. A City can provide for penalties less severe than the state statute, but an ordinance cannot exceed the penalty provided by the state. In this case, the penalties for violation of the ordinance and violation of the bingo statute are identical.[4] Nor do we perceive that any provision of the ordinance conflicts with the state statute in the sense that compliance with either results in a violation of the other. The ordinance goes further and regulates the conduct and play of bingo in ways not dealt with by the statute. But that is not a conflict, under the test stated above, and thus the ordinance is valid. We find F.Y.I's other constitutional challenges to the ordinance are without merit.
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] Ordinance No. 2474.
[2] Section 849.0931 permits certain charitable organizations to conduct bingo games under detailed conditions specified by the statute.
[3] Hardage v. City of Jacksonville Beach, 399 So.2d 1077 (Fla. 1st DCA), rev. denied, 411 So.2d 382 (Fla.1981).
[4] Compare Thomas v. State, 614 So.2d 468 (Fla. 1993); State v. Smith, 584 So.2d 145 (Fla. 2d DCA 1991); Edwards v. State, 422 So.2d 84, 86 (Fla. 2d DCA 1982).