ORFINGER, M., Senior Judge.
Appellant pled no contest to drug charges, reserving the right to appeal a dispositive motion to suppress evidence. We affirm.
Appellant was arrested when a police officer observed a violation of Orlando Ordinance 33.08 which makes it unlawful for any person to consume any alcoholic beverage while an operator or passenger in a motor vehicle where such consumption is open to public view. A search following the arrest revealed the contraband.
Appellant argues that the ordinance is clearly unconstitutional because it conflicts with sec. 316.1936, Fla. Stat. (1997) which makes possession of an open container of alcohol a non-criminal traffic infraction. Because the ordinance conflicts with the statute, says appellant, the statute takes precedence and the ordinance is void. He asserts also that the City of Orlando was on notice of the invalidity of the ordinance after the decision in State v. Smith, 584 So.2d 145 (Fla. 2d DCA 1991). In Smith, Sarasota County had enacted an ordinance making it unlawful to possess an open container of an alcoholic beverage in a motor vehicle, and defendant was arrested for violation of that ordinance. The court agreed that a state statute prevailed over a conflicting local ordinance regulating the same conduct. Nevertheless, the court upheld that arrest and the subsequent search because the ordinance had not been declared invalid and the arresting officer was enforcing a presumptively valid ordinance.
The state argues that for the very reasons expounded in Smith, we need not reach the constitutional question, because the city ordinance here does not conflict on its face with a *363 state statute, and is presumptively valid, so as to make the arrest and subsequent search lawful. We agree.
The ordinance in question here goes beyond the mere possession of an open container of an alcoholic beverage, and makes it unlawful to drink from that container while in the motor vehicle and in public view. Appellant says that’s a distinction without a difference because the statute contemplates that one would drink from a possessed open container. We need not reach that issue, however, for the same reason that the Smith court did not address the constitutional question. The ordinance here has not been declared unconstitutional, and was presumptively valid when appellant was arrested. As the Smith court noted:
The conflict between the ordinance and the state statute involves a complex legal analysis and certainly did not render the ordinance flagrantly unconstitutional. At the time the deputy sheriff discovered this evidence, he was merely enforcing a local ordinance which was presumptively valid. Accordingly the evidence is admissible. 584 So.2d at 147.
See also, State v. Calloway, 589 So.2d 326 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 654 (Fla.1992); McCrimmon v. State, 505 So.2d 13 (Fla. 5th DCA 1987).
AFFIRMED.
COBB and ANTOON, JJ., concur.