915 So.2d 205 (2005)
The CITY OF KISSIMMEE, Appellant,
v.
FLORIDA RETAIL FEDERATION, INC. et al., Appellee.
No. 5D04-4065.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
Rehearing Denied December 1, 2005.
*206 Michael S. Davis, of Bryant Miller & Olive, P.A., Tampa, and Donald T. Small-wood, Kissimmee, for Appellant.
Lorence Jon Bielby, and John K. Londot, of Greenberg, Traurig, P.A., Tallahassee, for Appellee.
*207 GRIFFIN, J.
The City of Kissimmee ["City"], appeals a final judgment declaring a local "shopping cart retention" ordinance unconstitutional because it purportedly conflicts with section 506.5131(2), Florida Statutes (2000). We find that the ordinance is not unconstitutional and reverse the judgment of the circuit court.
In 1998, the Florida Legislature enacted section 506.5131,[1] which provides:
(1) The rightful owner of a shopping cart with a registered name or mark found on public property shall be immediately notified of its recovery.
(2) Notwithstanding any provision of law or local ordinance, no fee, fine, or costs may be assessed against the owner of a shopping cart found on public property, unless the shopping cart was removed from the premises or parking area of a retail establishment by the owner of the shopping cart, or an employee acting on the owner's behalf, and such fee, fine or cost has been approved by the Department of Agriculture and Consumer Services.
In November 2000, the Kissimmee City Commission instructed staff members to meet with area businesses that utilize shopping carts to develop a solution to the large number of carts collected off premises and to develop an ordinance to address the problem. The City proposed an on-site shopping cart retention system and subsequently adopted Ordinance 2379,[2] incorporated as section 14-2-65(L) of the City of Kissimmee Land Development Code:
SECTION L. § 14-2-65 GENERAL REGULATIONS FOR NON-RESIDENTIAL DISTRICTS
(1) Shopping Cart, On-site Retention: All business establishments utilizing shopping carts or similar devices, and having more than 20 shopping carts on-site shall install and maintain a system to retain all shopping carts within the real property boundaries of the business location. The business shall provide signage in a conspicuous location notifying shopping cart users of retention system in place and how said system operates. Location, type of device and other pertinent information deemed necessary by the City Manager or his designee must be shown on the approval site plan for the business or lot the business is located on.
(1) Permitted methods of retention shall include any one of the following methods:
(a) A physical barrier, such as bollards, restricting shopping carts to the front sidewalk or portion of the business.
(b) Shopping carts equipped with a protruding arm or similar devices prohibiting the cart from being removed from the interior of the business.
(c) A system, which may be mechanical in nature, requiring a deposit to use a shopping cart; deposit should be of a reasonable amount that would not deter the use of the cart, but would encourage the return of the cart.

*208 (d) Shopping carts equipped with a wheel locking mechanism that is used in conjunction with an electronic barrier along the perimeter of the area shopping carts are allowed. The wheel locking mechanism will activate when the shopping cart crosses the electronic barrier.
(e) Similar methods approved by the City Manager or his designee which would accomplish the intent of this subsection.
(2) Legal Nonconforming Businesses: Any business that is nonconforming as to on-site shopping cart retention upon adoption of this ordinance shall comply within six months unless otherwise provided by law.
(3) Violations and Penalties: Any business establishment failing to install or properly maintain an approved on-site shopping cart retention system is in violation of this subsection of the Code. Any person, firm, or corporation violating the provisions of this subsection shall, upon conviction, be subject to the penalties provided in § 1-1-99 of this code. Each separate day of violation constitutes a separate offense.
SECTION 2. All ordinances in conflict herewith are hereby repealed.
SECTION 3. This ordinance shall take effect immediately upon its passage.
Many local businesses installed a retention system in compliance with the ordinance, resulting in an estimated 90% reduction in the number of shopping carts retrieved by the City from public property. The appellees, members of the Florida Retail Federation ["Federation"], however, refused to install a retention system, electing instead to submit an alternative plan to retrieve their own carts. Because these plans represented a reactive approach rather than a preventative plan, the City rejected these proposals and demanded compliance with the ordinance.
The City Commission subsequently passed Ordinance 2431, amending and replacing Ordinance 2379. Ordinance 2431 eliminated the language that had allowed businesses to comply with the ordinance through use of "similar methods or plans approved by the City Manager" and defined the term "shopping cart." Also, recognizing that shopping carts from home improvement centers such as Home Depot and Lowe's constituted a small fraction of the problems of errant carts, the City Commission added a qualified exemption:
(2) Home improvement centers as defined in section 14-2-240 are exempt from this section until such time that the City collects 20 or more shopping carts belonging to an individual home improvement center during any calendar month, from public or privately owned lands and or rights-of-way other than that of the establishment's location. The loss of the exemption is permanent and may not be reinstated.
Appellees filed suit against the City for declaratory and injunctive relief, alleging that the new ordinance unconstitutionally conflicts with section 506.5131(2), is unconstitutionally vague, and violates both the single subject rule and equal protection. Both sides filed motions seeking summary judgment. The trial court denied the City's motion, granted Appellees' motion and entered a final judgment declaring that:
Kissimmee City Ordinance 2431 is unconstitutional because it is in conflict with Florida Statute Section 506.5131(2) by imposing a cost against the owner of a shopping cart by requiring a shopping cart retention system, and by providing for a penalty for failure to install a shopping cart retention system.
We agree with the City that the ordinance is constitutional. A municipality *209 may, under its broad home rule powers, enact local ordinances that are not inconsistent with general law. Art. VIII, § 2(b) Const.; § 166.021(3)(c), Fla. Stat. When the legislature enacts a statute, a local government cannot adopt or enforce an ordinance that conflicts with the statute. E.g. Phantom of Clearwater, Inc. v. Pinellas County, 894 So.2d 1011, 1020 (Fla. 2d DCA 2005). Where there is no direct conflict between the two, appellate courts should indulge every reasonable presumption in favor of an ordinance's constitutionality. Lowe v. Broward County, 766 So.2d 1199, 1200 (Fla. 4th DCA 2000); Brooks v. Watchtower Bible and Tract Soc. of Florida, Inc., 706 So.2d 85 (Fla. 4th DCA 1998). Conflict does not exist simply because the ordinance is more stringent than the statute or regulates an area not covered by the statute. F.Y.I. Adventures, Inc. v. City of Ocala, 698 So.2d 583 (Fla. 5th DCA 1997); Lamar-Orlando Outdoor Adver. v. City of Ormond Beach, 415 So.2d 1312 (Fla. 5th DCA 1982).
The Federation contends that section 14-2-65(L), imposes a statutorily prohibited "cost" on retailers by requiring those retailers to implement an approved shopping cart retention system. Even though the statute specifies that the prohibition applies only to the "owner of a shopping cart found on public property," the Federation contends that we should look more broadly into the "intent" of the statute. They assert that the broader "intent" of section 506.5131 is not merely to protect cart owners from fines or costs if their carts are found on public property, but to protect the owners of shopping carts from any cost resulting from the acts of third parties who borrow, steal and/or abandon the carts on public property. The Federation contends that, viewed in this light, an ordinance that requires them to take measures to thwart the removal of the carts from an owner's property is unconstitutional. They argue that enforcement of the retention ordinance would obviate the need for section 506.5131 because there wouldn't be any carts on public property for the statute to protect the retailers against. Section 506.5131 may not be a model of drafting, but its parameters are clear: the owner of a shopping cart found on public property cannot be fined or assessed a cost unless he, she or it was responsible for the removal. The challenged ordinance does not thwart this purpose. It does not impose a fee, fine or cost against an owner of a shopping cart found on public property. The ordinance is solely directed at methods to keep the carts on the owner's property. All non-exempt retailers, including those whose carts may have never been found off-site by the City, are required to install the retention system. Any fine or cost is for failing to implement a retention plan, not for having a cart stray onto public property. The ordinance can be violated without a cart ever leaving the owner's property.
Nor does the amendment's exemption language, contained in section (2) of the ordinance, conflict with the state statute. That section provides an exemption to home improvement centers "until such time that the City collects 20 or more shopping carts belonging to an individual home improvement center during any calendar month, from public or privately owned lands and/or right-of-way ..." This provision does no more than eliminate an exemption from compliance with the retention ordinance and it can come into play without any cart ever being found on public property, which is all the statute addresses. We reject the contention that when the legislature prohibited the assessment of any fee, fine or cost against a retailer whose cart has been retrieved from public property, it effectively immunized retailers from all efforts by local *210 government to encourage owners to keep carts under control.
REVERSED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] See Ch. 98-396, § 12, Laws of Florida. Apparently, prior to the enactment of this legislation, Kissimmee businesses had an arrangement whereby members of a local work "opportunity center" agreed to collect and return the abandoned carts in return for a monthly financial donation to the center. Two retailers refused to make the donation and took steps that led to the enactment of section 506.5131.
[2] This ordinance was subsequently amended by Ordinance 2431. These amendments are discussed infra.