Dear Mr. Stewart:
At the direction of the City Commission of the City of Fort Lauderdale, you have requested my opinion on substantially the following questions:
1. Is the City Commission of the City of Fort Lauderdale authorized, pursuant to its municipal home rule powers, to adopt an ordinance regulating the solicitation or acceptance of charitable donations by members of the city commission?
2. Is the City Commission of the City of Fort Lauderdale authorized to adopt an ordinance requiring that lobbyists report solicitations received and donations made to members of the city commission?
As your questions are related they will be answered together.
As you are aware, this office has no authority to review proposed legislation for legal sufficiency nor are we authorized to comment on local charter provisions or ordinances.[1] Thus, no comment is made on the particular terms of the legislation the City of Fort Lauderdale is considering. However, this office can generally address the extent of municipal home rule as it relates to the adoption of local ethics code provisions and will note general issues of concern for your consideration.
Section 2(b), Article VIII of the Florida Constitution provides, in part:
"Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law."
The Florida Supreme Court has stated that this constitutional provision "expressly grants to every municipality in this state authority to conduct municipal government, perform municipal functions, and render municipal services."[2] The Court stated, in State v. Cityof Sunrise, that the only limitation on the power of municipalities under this constitutional section is that such power must be exercised for a valid municipal purpose. As determined by the Court, "[l]egislative statutes are relevant only to determine limitations of authority" and municipalities need no further authorization from the Legislature to conduct municipal government.[3]
Pursuant to section 166.021(1), Florida Statutes, municipalities are granted "the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law." Section 166.021(3), Florida Statutes, prescribes limitations on the subjects that municipal legislation may address and provides:
 "(3) The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except:
 (a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution;
 (b) Any subject expressly prohibited by the constitution;
 (c) Any subject expressly preempted to state or county government by the constitution or by general law; and
 (d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution."
The interaction between local and state legislation was specifically discussed by the Florida Supreme Court in City of Miami Beach v. RocioCorporation:
"The principle that a municipal ordinance is inferior to state law remains undisturbed. Although legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law. If conflict arises, state law prevails. An ordinance which supplements a statute's restriction of rights may coexist with that statute, whereas an ordinance which countermands rights provided by statute must fail."[4]
The City of Fort Lauderdale, therefore, may legislate on any matter upon which the Legislature may act, so long as its ordinance does not forbid what the Legislature has expressly licensed or authorized, or permit what the Legislature has expressly forbidden.[5]
The Legislature has enacted a number of statutes dealing with the subjects of solicitation and acceptance of charitable contributions by state officers and employees and with lobbyist reporting. Section106.0701, Florida Statutes, requires the Governor, Lieutenant Governor, members of the Cabinet, state legislators, or candidates for these offices "who directly or indirectly solicit, cause to be solicited, or accept any contribution on behalf of an organization that is exempt from taxation under s. 527 or s. 501(c)(4) of the Internal Revenue Code, which such individuals, in whole or in part, establish, maintain, or control, [to] file a statement with the [Division of Elections of the Department of State] within 5 days after commencing such activity on behalf of the organization."[6] The statute also sets out the particular information which must be provided in the statement.[7] A penalty is prescribed for failure to timely file the statement.[8] The statute requires any officer or candidate subject to section 106.0701 to create a public website with information about the charitable organization. Subsequent contributions must be disclosed on the website within 5 business days after deposit with contributor information. Expenditures made by the organization are also to be disclosed on the website.[9]
Thus, the Legislature has adopted state statutory language addressing the acceptance of charitable contributions by public officers and employees. This legislation, an omnibus campaign finance reform measure, was enacted in 2006 and, as is recognized by the legislative history for the statute, "[t]he bill presents a number of issues of first impression for the courts under the free speech clauses and the freedom of association clauses of the federal and state constitutions."[10]
Part III, Chapter 112, Florida Statutes, the Code of Ethics for Public Officers and Employees, generally regulates the acceptance and solicitation of gifts by public officers and employees. The Code of Ethics provides:
"No public officer, employee of an agency, local government attorney, or candidate for nomination or election shall solicit or accept anything of value to the recipient, including a gift, loan, reward, promise of future employment, favor, or service, based upon any understanding that the vote, official action, or judgment of the public officer, employee, local government attorney, or candidate would be influenced thereby."[11]
The ethics code requires the reporting and prohibits the receipt of gifts by designated public officers and employees.[12] As provided in section 112.3148(4), Florida Statutes,
"[a] reporting individual or procurement employee or any other person on his or her behalf is prohibited from knowingly accepting, directly or indirectly, a gift from a political committee or committee of continuous existence, as defined in s. 106.011, or from a lobbyist who lobbies the reporting individual's or procurement employee's agency, or directly or indirectly on behalf of the partner, firm, employer, or principal of a lobbyist, if he or she knows or reasonably believes that the gift has a value in excess of $100; however, such a gift may be accepted by such person on behalf of a governmental entity or charitable organization, the person receiving the gift shall not maintain custody of the gift for any period of time beyond that reasonably necessary to arrange for the transfer of custody and ownership of the gift."[13]
The statute requires that certain individuals must file statements with the Commission on Ethics containing a list of gifts which come within the scope of the statute.[14] The provisions of the Code of Ethics are applicable to municipal officers.[15]
State law requires reports of donations made to or solicitations received from public officers and employees in section 112.3148(5)(b), Florida Statutes. A person regulated by the statute who makes a gift in excess of $25, but not in excess of $100 (other than a gift which will be accepted on behalf of a charitable organization or a governmental entity) "must file a report on the last day of each calendar quarter, for the previous calendar quarter in which a reportable gift is made." The statute provides that the report must include a description of each gift and its monetary value, the name and address of the person giving the gift, the name and address of the person receiving the gift, and the date the gift was given.[16] The statute also recognizes that gifts with a value in excess of $100 may be given to those regulated by this act "if a public purpose can be shown for the gift[.]"[17] These gifts are subject to reporting requirements and a statutory obligation to file these reports falls on the giver of the gift as well as the recipient.[18] Violations of section 112.3148 are noncriminal infractions punishable by a fine of not more than $5,000 and limitations imposed on lobbying.[19]
The Florida Commission on Ethics has recognized that a municipality may enact a municipal code of ethics more stringent than, or with provisions differing from, part III, Chapter 112, Florida Statutes, so long as it does not conflict with the state statutory provisions.[20]
In Attorney General's Opinion 91-89, this office noted that the position of the Ethics Commission would apply equally to a charter county which proposes to enact a county code of ethics. The opinion points out that county legislation regarding ethics of public officers and employees must be consistent with part III, Chapter 112, Florida Statutes.
The issue of conflict between local ordinances and state law was addressed in Jordan Chapel Freewill Baptist Church v. DadeCounty.[21] The court in Jordan Chape stated that:
"Legislative provisions are inconsistent if, in order to comply with one provision, a violation of the other is required. . . . [T]he sole test of conflict for purposes of preemption is theimpossibility of co-existence of the two laws. Courts are therefore concerned with whether compliance with a County ordinancerequires a violation of a state statute or renders compliance with a state statute impossible."[22] (emphasis in original)
Accordingly, while a county or municipal ethics code may contain provisions apart from those in part III, Chapter 112, Florida Statues, compliance with the local code cannot result in a violation of the state ethics code or make compliance with the state ethics code impossible.[23]
In sum, it is my opinion that a municipality may adopt an ethics code more stringent than, or with provisions differing from, the provisions of part III, Chapter 112, Florida Statutes, as long as the municipality's ordinances do not conflict with the state statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Department of Legal Affairs Statement of Policy Concerning Attorney General Opinions and s. 16.01(3), Fla. Stat.
[2] State v. City of Sunrise, 354 So. 2d 1206, 1209 (Fla. 1978).
[3] Supra at 1209. See also, City of Miami Beach v. Forte Towers,Inc., 305 So. 2d 764 (Fla. 1974).
[4] City of Miami Beach v. Rocio Corporation, 404 So. 2d 1066, 1070
(Fla. 3d DCA 1981), pet. for rev. den., 408 So. 2d 1092 (Fla. 1981)
[5] See generally, 12 Fla. Jur. 2d Counties and MunicipalCorporations, s. 187.
[6] Section 106.071(1), Fla. Stat.
[7] The statute requires that the statement contains: the name of the person acting on behalf of the organization; the name and type of the organization; and a description of the relationship between the person and the organization. Sections 106.071(1)(a) — (c), Fla. Stat.
[8] Section 106.0701(2), Fla. Stat., makes failure to timely file the statement a civil violation with a penalty of $50 per day for each late day and is payable from the personal funds of the violator.
[9] Sections 106.0701(3) and (4), Fla. Stat.
[10] See Senate Staff Analysis and Economic Impact Statement for CS/CS/SBs 716 2660, prepared by the Judiciary Committee, dated April 26, 2006.
[11] Section 112.313(2), Fla. Stat.
[12] See s. 112.3148, Fla. Stat.
[13] See s. 112.3148(2), Fla. Stat., defining a "Reporting individual" or "Procurement employee" as:
"(d) `Reporting individual' means any individual, including a candidate upon qualifying, who is required by law, pursuant to s. 8, Art. II of the State Constitution or s. 112.3145, to file full or limited public disclosure of his or her financial interests or any individual who has been elected to, but has yet to officially assume the responsibilities of, public office. For purposes of implementing this section, the "agency" of a reporting individual who is not an officer or employee in public service is the agency to which the candidate seeks election, or in the case of an individual elected to but yet to formally take office, the agency in which the individual has been elected to serve.
(e) `Procurement employee' means any employee of an officer, department, board, commission, or council of the executive branch or judicial branch of state government who participates through decision, approval, disapproval, recommendation, preparation of any part of a purchase request, influencing the content of any specification or procurement standard, rendering of advice, investigation, or auditing or in any other advisory capacity in the procurement of contractual services or commodities as defined in s. 287.012, if the cost of such services or commodities exceeds $1,000 in any year."
[14] Section 112.3148(8), Fla. Stat.
[15] See, e.g., s. 112.312(2), Fla. Stat., defining an agency for purposes of the ethics code and the constitution to include a municipal government; s. 112.313(1), Fla. Stat., defining the term "public officer" for purposes of that section as "any person elected or appointed to hold office in any agency . . ."
[16] Section 112.3148(5)(b), Fla. Stat.
[17] Sections 112.3148(6)(a) and (b), Fla. Stat.
[18] Section 112.3148(6)(c), Fla. Stat., requires that the report contain a description of the gift, the date on which it was given, and the value of the total gifts given to the reporting individual or procurement employee during the calendar year for which the report is made; s. 112.3148(6)(d), Fla. Stat., requires reporting individuals or procurement employees to file a statement listing gifts received pursuant to this section.
[19] Section 112.3148(9), Fla. Stat.
[20] Commission on Ethics Advisory Opinion 75-20. Cf. Commission on Ethics Advisory Opinions 79-40, 75-204, and 75-145.
[21] 334 So. 2d 661 (Fla. 3rd DCA 1976). And see, City of Kissimmee v.Florida Retail Federation, Inc., 915 So. 2d 205 (Fla. 5th DCA 2005) (generally the fact that local legislation imposes additional requirements on a person or business is not evidence of conflict):F.Y.I. Adventures v. City of Ocala, 698 So. 2d 583 (Fla. 5th DCA 1997) (if no issue of preemption, conflict with state statute is given a very strict and limited meaning; they must contradict each other in the sense that both legislative provisions cannot co-exist, i.e., in order to comply with one, a violation of the other is required).
[22] Id. at 664.
[23] And see, Rinzler v. Carson, 262 So. 2d 661, 668 (Fla. 1972) (municipality may not forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the Legislature has expressly forbidden).