Dear Ms. Hernandez:
On behalf of a majority of the members of the City of Coral Gables City Commission, you ask the following question:
May the City Commission adopt an ordinance for the city's retirement board declaring that the requirements to create a quorum are met if the members of the board appear via electronic means?
In sum:
The Coral Gables City Commission may not adopt an ordinance allowing members of the city's retirement board to appear by electronic means to constitute a quorum.
Municipalities are granted broad home rule powers by the constitution to exercise powers for municipal governmental, corporate, or proprietary purposes unless specifically prohibited by the constitution, general or special law, or county charter.[1] Section 166.041, Florida Statutes, sets forth the procedures for adoption of ordinances and resolutions by municipalities and specifically states:
"A majority of the members of the governing body shall constitute a quorum. An affirmative vote of a majority of a quorumpresent is necessary to enact any ordinance or adopt any resolution; except that two-thirds of the membership of the board is required to enact an emergency ordinance. . . ."[2] (e.g.)
For meetings where a quorum is required, this office has consistently suggested a conservative interpretation of the requirement to ensure the validity of official actions taken by a public body.[3] This office has concluded that, in the absence of a statute to the contrary, the requisite number of members must be physically present at a meeting in order to constitute a quorum.[4]
The term "quorum" is defined as "the number of members of a group or organization required to be present to transact business legally, usually a majority[;]"[5] and "[t]he minimum number of members (usu. a majority of all the members) who must bepresent for a deliberative assembly to legally transact business."[6] (e.g.) Thus, a quorum requirement, in and of itself, contemplates the physical presence of the members of a board or commission at any meeting subject to the requirement.
The City of Coral Gables ordinances creating the retirement board do not contain language referring to the physical presence of a quorum of the members for the transaction of board business.[7] As an administrative arm of the city's governing body, however, it would appear that the same legislative requirement for the physical presence of a quorum in order to conduct municipal business would apply when the retirement board is carrying out its delegated duties.[8] Inasmuch as the city could not by ordinance alter the statutory requirement of a quorum's physical presence prescribed in section 166.041, Florida Statutes, when it is conducting official business, it may not by ordinance alter the quorum requirements for the city's retirement board when the board is acting upon its delegated duties.[9]
The interaction between local and state legislation was specifically discussed by the Florida Supreme Court in City ofMiami Beach v. Rocio Corporation:
"The principle that a municipal ordinance is inferior to state law remains undisturbed. Although legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law. If conflict arises, state law prevails. An ordinance which supplements a statute's restriction of rights may coexist with that statute, whereas an ordinance which countermands rights provided by statute must fail."[10]
The City of Coral Gables, therefore, may legislate on any matter upon which the Legislature may act, so long as its ordinance does not forbid what the Legislature has expressly licensed or authorized, or permit what the Legislature has expressly forbidden. The issue of conflict between local ordinances and state law was addressed in Jordan Chapel Freewill Baptist Church v. DadeCounty.[11] The court in Jordan Chapel stated that:
"Legislative provisions are inconsistent if, in order to comply with one provision, a violation of the other is required. . . . [T]he sole test of conflict for purposes of preemption is theimpossibility of co-existence of the two laws. Courts are therefore concerned with whether compliance with a County ordinancerequires a violation of a state statute or renders compliance with a state statute impossible."[12] (emphasis in original)
In this instance, an attempt by the city to change by ordinance the quorum requirements for taking official action by the city or the retirement board as an administrative arm of the city would appear to conflict with the mandate in section 166.041(4), Florida Statutes, requiring the presence of a quorum at a meeting.
Accordingly, it is my opinion that the City of Coral Gables may not alter the quorum requirements to allow members who are not physically present, but participating by electronic means to be counted toward the quorum.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See s. 2(b), Art. VIII, Fla. Const., and s. 166.021(4), Fla. Stat.
[2] Section 166.041(4), Fla. Stat. See also s. 166.041(6), Fla. Stat., stating:
"The procedure set forth herein shall constitute a uniform method for the adoption and enactment of municipal ordinances and resolutions and shall be taken as cumulative to other methods now provided by law for adoption and enactment of municipal ordinances and resolutions. By future ordinance or charter amendment, a municipality may specify additional requirements for the adoption or enactment of ordinances or resolutions or prescribe procedures in greater detail than contained herein. However, a municipality shall not have the power or authority to lessen or reduce the requirements of this section or other requirements as provided by general law."
[3] See, e.g., Inf. Op. to John C. Randolph, dated November 24, 1997, and Ops. Att'y Gen. Fla. 01-66 (2001), 03-41 (2003), and 08-65 (2008).
[4] See, e.g., Ops. Att'y Gen. Fla. 83-100 (1983), 89-39 (1989), and 01-66 (2001).Cf. s. 120.54(5)(b)2., Fla. Stat., requires uniform rules for use by each state agency to provide procedures for conducting public meetings, hearings, and workshops, and for taking evidence, testimony, and argument at such public meetings, hearings, and workshops, in person and by means of communications media technology.
[5] Webster's New Universal Unabridged Dictionary p. 1588 (2003).
[6] Black's Law Dictionary p. 1284 (8th ed., 2004).
[7] See s. 50-82., et seq. Code of the City of Coral Gables.
[8] See s. 50-90., Code of the City of Coral Gables, stating:
"All actions and decisions of the retirement board shall require the concurrence of a majority of the members of the retirement board. Any action adopted by the retirement board and incorporated into a written memorandum signed by the chairman and the administrative manager shall have the same force and effect as aformal resolution adopted in an open meeting. . . ."
[9] See Solomon v. City of Miami Beach,187 So. 2d 373 (Fla. 3d DCA 1966), cert. denied,196 So. 2d 927 (Fla. 1967) (municipality may not do indirectly what it is prohibited from doing directly).
[10] City of Miami Beach v. Rocio Corporation,404 So. 2d 1066, 1070 (Fla. 3d DCA 1981), petition for reviewdenied, 408 So. 2d 1092 (Fla. 1981).
[11] 334 So. 2d 661 (Fla. 3d DCA 1976). And see City ofKissimmee v. Florida Retail Federation, Inc.,915 So. 2d 205 (Fla. 5th DCA 2005) (generally the fact that local legislation imposes additional requirements on a person or business is not evidence of conflict); F.Y.I. Adventures v. City ofOcala, 698 So. 2d 583 (Fla. 5th DCA 1997) (if no issue of preemption, conflict with state statute is given a very strict and limited meaning; they must contradict each other in the sense that both legislative provisions cannot co-exist, i.e., in order to comply with one, a violation of the other is required).
[12] Id. at 664.