PER CURIAM.
The issue in this case is whether section 180.135, Florida Statutes (2010), precludes a city from requiring landlords, but not their tenants, to contract with the city for water and sewer services. We hold that the statute does not restrict a city from doing so and affirm the final summary judgment of the circuit court.
Jass Properties, LLC, is a residential landlord in the City of North Lauderdale. The City is the exclusive provider of water and sewer services within the City. The City requires Jass, but not its tenants, to open an account for water and sewer services, even though the services directly benefit the tenants. The City will not open an account in a tenant’s name. Thus, if Jass does not contract for these services, the City will not deliver the services to its tenants, which would render its residential buildings uninhabitable. The City acts under the authority of Section 70-4(c) of the City of North Lauderdale’s Code of Ordinances, which provides:
Water, sewer and stormwater management accounts shall be established in the name of the property owner.
Jass contends that the ordinance conflicts with section 180.135, Florida Statutes (2010), which provides in pertinent part:
(l)(a) Any other provision of law to the contrary notwithstanding, no municipality may refuse services or discontinue utility, water, or sewer services to the owner of any rental unit or to a tenant or prospective tenant of such rental unit for nonpayment of service charges in *402 curred by a former occupant of the rental unit; any such unpaid service charges incurred by a former occupant will not be the basis for any lien against the rental property or legal action against the present tenant or owner to recover such charges except to the extent that the present tenant or owner has benefited directly from the service provided to the former occupant.
(b) This section applies only if the former occupant of the rental unit contracted for such services with the municipality or if the municipality provided services with knowledge of the former occupant’s name and the period the occupant was provided the services.
(2) The provisions of this section may not be waived through any contractual arrangement between a municipality and a landlord whereby the landlord agrees to be responsible for a tenant’s or future tenant’s payment of service charges.
It is well settled that a municipality may not enact a local ordinance that conflicts with a state statute. See, e.g., City of Kissimmee v. Fla. Retail Fed’n, Inc., 915 So.2d 205, 209 (Fla. 5th DCA 2005). To determine whether a conflict exists, a court must examine whether the two legislative enactments can coexist or “whether one must violate one provision in order to comply with the other.” Sarasota Alliance for Fair Elections, Inc. v. Browning, 28 So.3d 880, 888 (Fla.2010) (quoting Laborers’ Int’l Union of N. Am., Local 478 v. Burroughs, 541 So.2d 1160, 1161 (Fla.1989)); see also City of Kissimmee, 915 So.2d at 209. “Courts are therefore concerned with whether compliance with a [municipal] ordinance [Requires a violation of a state statute or renders compliance with a state statute impossible.” Jordan Chapel Freewill Baptist Church v. Dade Cnty., 334 So.2d 661, 664 (Fla. 3d DCA 1976). If so, then the type of direct conflict exists that invalidates the ordinance.
This case does not involve such a direct conflict. Section 180.135 does not expressly prohibit the City from declining to contract with tenants for water utility services and restricting service agreements to property owners. Nothing in the statute mandates that tenants have the ability to contract directly with a municipality for services. We agree with the observation of the circuit court that “[b]y requiring landlords to actively manage their private business interests, [the] City avoids the burden of dealing with perhaps hundreds or thousands of individual tenants who might be behind on their bills.” We see nothing in the statute that prevents the City from enacting an ordinance designed to constrain costs that might otherwise be borne by the taxpayers.

Affirmed.

GROSS, CONNER, JJ., and COX, JACK S., Associate Judge., concur.