PER CURIAM.
Demond Corbin, appellant herein, was inside an apartment along with four others, including Ben Dortch and Demetric Davis. Davis had money and jewelry that Appellant and Dortch wanted. At some point, Appellant pulled out a handgun, pointed it at Davis and said, “now you lay it down.” Instead, Davis reached for the handgun in Appellant’s hand and Dortch, who also had a gun, shot and killed him. Appellant and Dortch fled the apartment but Dortch soon returned and stripped Davis of his money and jewelry.
Appellant was charged with first degree felony murder with a firearm, and aggravated assault with a firearm. The main issue at trial was whether Appellant was a participant in the robbery or was surprised by the acts of Dortch. Appellant was convicted of manslaughter, a lesser included offense under felony murder, with a specific finding of firearm possession. He was also convicted of armed robbery with a firearm but has not appealed this conviction.
Appellant argues that he was charged with felony murder, which required proof that (1) a death occurred, and (2) it occurred during the commission or attempted commission of a robbery. Instead, he was convicted of the lesser included crime of manslaughter which requires proof of death and the accused intentionally committed the act which caused the death. *627 According to Appellant, since he did not fire the shot that caused the death of the victim, he can only be guilty of manslaughter as a principal, and then only if he is shown to have helped another person commit or attempt to commit a crime. Based on the foregoing, Appellant urges that the only evidence presented is that he aided Dortch in attempting to commit robbery. It follows, he argues, that if one aids another to commit a robbery and a death occurs during the course of that robbery, he commits felony murder with which he was charged and for which he was acquitted. What is the effect of the inconsistency created by this acquittal and Corbin’s conviction of armed robbery?
The answer is clear. See Dross v. State, 915 So.2d 208, 205 (Fla. 5th DCA 2005) (“Generally, inconsistent jury verdicts are permitted in Florida because they can be the result of jury lenity, and therefore do not always speak to the guilt or innocence of the defendant”); McCloud v. State, 335 So.2d 257, 259 (Fla.1976) (“As the trial judge suggested, the jury simply may have found the felony-murder rule too harsh in this situation and reduced the penalty to the lesser-ineluded offense of manslaughter. Since the error was in [Appellant’s] favor, he is no position to complain of the lesser sentence.”).
AFFIRMED.
EVANDER, LAMBERT, JJ., and HARRIS, C.M., Senior Judge, concur.