COHEN, J.
The issue in this appeal is whether the City of Palm Bay can grant its code enforcement liens superpriority over a prior recorded mortgage. We conclude it cannot because Palm Bay’s ordinance conflicts with a state statute: section 695.11, Florida Statutes.
In 1997, Palm Bay enacted ordinance 97-07, creating its code enforcement board. Although incorporating by refer *227 ence the procedures and remedies in Chapter 162, Florida Statutes,[1] ordinance 97-07 altered some of these statutory provisions to fit its individual needs. Among the changes, Palm Bay provided that any liens created by its code enforcement board and “recorded in the public record shall remain liens coequal with the liens of all state[,] eounty[,] district and municipal taxes, superior in dignity to all other liens[,] titles and claims until paid, and ... may be foreclosed pursuant to the procedure set forth in Florida Statutes, Chapter 173.”
In 2007, Wells Fargo filed an action to foreclose its mortgage, recorded in 2004, on residential property located in Palm Bay. Palm Bay was named a defendant in the foreclosure suit due to two code enforcement liens it recorded after the mortgage. In answering the complaint, Palm Bay asserted its code enforcement liens had priority pursuant to ordinance 97-07. At the hearing on Wells Fargo’s motion for summary judgment, the trial court rejected Palm Bay’s claims of lien superpriority. The trial court reasoned that the Legislature’s failure to bestow code enforcement liens priority over a prior recorded mortgage or judgment lien indicated its intent that these liens not have priority and thus, the common law principle of first in time, first in right, applied.
Palm Bay’s primary challenge to the trial court’s ruling is that it had the authority to enact ordinance 97-07, and grant its code enforcement liens superpri-ority, under the home rule powers granted by article VIII, section 2(b) of the Florida Constitution, and codified in section 166.021, Florida Statutes. Asserting that ordinance 97-07 does not encroach into any of the areas prohibited by section 166.021, Palm Bay concludes that it had the right to grant its code enforcement liens superpriority. Although a municipality has broad home rule powers to enact local ordinances, see Phantom of Brevard, Inc. v. Brevard County, 3 So.3d 309, 314 (Fla.2008); City of Kissimmee v. Florida Retail Federation, Inc., 915 So.2d 205, 209 (Fla. 5th DCA 2005), the ordinances may not conflict with a state statute. See Art. VIII § 2(b), Fla. Const.
In relevant part, section 695.11, Florida Statutes, provides that any instruments required to be recorded pursuant to section 28.222, Florida Statutes, will be deemed recorded once an official register number is affixed. -It further provides that recorded instruments with a lower official number will have priority over one with a higher number. This statute codifies, as Palm Bay recognized at oral argument, the common law rule of first in time, first in right. Thus, the Legislature has decided that priority for instruments such ás mortgages and liens will generally follow the first in time rule. Ordinance 97-07 conflicts with this mandate by granting Palm Bay’s code enforcement liens priority over a mortgage, even when the mortgage was recorded before the lien. The only way ordinance 97-07 can be effective is by violating the terms of section 695.11. Consequently, ordinance 97-07 must yield to the statute. See Phantom of Brevard, 3 So.3d at 314 (ordinance conflicts with state statute when complying with one requires violating the other); F.Y.I. Adventures, Inc. v. City of Ocala, 698 So.2d 583, 584 (Fla. 5th DCA 1997) (same).
*228 Based on the foregoing, this court affirms the trial court’s order granting summary judgment in favor of Wells Fargo.
AFFIRMED.
TORPY and EVANDER, JJ., concur.

. Chapter 162, Florida Statutes, is entitled the "Local Government Code Enforcement Boards Act," and authorizes municipalities and counties to create administrative boards to enforce their codes and ordinances.