CANADY, J.
In this case we consider whether a municipal ordinance may validly establish su-perpriority status for municipal code enforcement liens. In City of Palm Bay v. Wells Fargo Bank, N.A., 57 So.3d 226 (Fla. 5th DCA 2011), the Fifth District Court of Appeal concluded that such an ordinance superpriority provision is invalid because it conflicts with a state statute and that the City’s lien accordingly did not have priority over the lien of Wells Fargo’s mortgage that was recorded before the City’s lien was recorded. Palm Bay sought review, and we accepted jurisdiction based on the Fifth District’s certification of the following question of great public importance:
Whether under Article VIII, section 2(b), Florida Constitution, section 166.021, Florida Statutes and Chapter 162, Florida Statutes, a municipality has the authority to enact an ordinance stating that its code enforcement liens, created pursuant to a code enforcement board order and recorded in the public records of the applicable county, shall be superior in dignity to prior recorded mortgages?
City of Palm Bay v. Wells Fargo Bank, N.A., 67 So.3d 271, 271 (Fla. 5th DCA 2011) (mem.).
On appeal, the City argues that the ordinance superpriority provision is within the “broad home rule powers” of the City. Petitioner’s Brief on the Merits at 5, City of Palm Bay v. Wells Fargo Bank, N.A, 114 So.3d 924, 2013 WL 2096257 (Fla.2013). The City contends that because the Legislature has made certain exceptions to the general rules governing the priority of liens, municipalities have the power to likewise make exceptions. For the reasons we explain, we conclude that the Fifth District correctly decided that the ordinance superpriority provision is invalid. Accordingly, we answer the certified question in the. negative. Before explaining our conclusion, we will review the pertinent provisions of the Palm Bay ordinance, the constitutional and statutory provisions relevant to the City’s exercise of power, and the statutory framework governing the priority of interests based on recorded instruments.
I. BACKGROUND
City of Palm Bay Ordinance 97-07 provides for the operation of the City’s Code Enforcement Board and contains the following superpriority provision:
Liens created pursuant to a Board order and recorded in the public record shall remain liens coequal with the liens of all state[,] county!,] district!,] and municipal taxes, superior in dignity to all other liens!,] titles!,] and claims until paid, and shall bear interest annually at a rate not to exceed the legal rate allowed for such liens and maybe foreclosed pursuant to the procedures set forth in Florida Statutes, Chapter 173.
City of Palm Bay, Ordinance No. 97-07, § 1 (1997).
*927 Chapter 162, Florida Statutes (2004), contains the Local Government Code Enforcement Boards Act. Section 162.03, Florida Statutes (2004), authorizes municipalities to establish by ordinance local code enforcement boards. Section 162.09(3), Florida Statutes (2004), provides that “[a] certified copy of [a code enforcement] order imposing a fíne, or a fíne plus repair costs, may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator.” The Act contains no provision expressly authorizing municipalities to establish superpriority for such liens.
Article VIII, section 2(b), Florida Constitution, contains a general provision relating to the exercise of municipal powers: “Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.” (Emphasis added). Section 166.021, Florida Statutes (2004), contains general provisions governing the exercise of municipal powers under the framework established in article VIII, section 2(b). Section 166.021(1) states: “As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.” Section 166.021(3) provides in pertinent part as follows:
The Legislature recognizes that pursuant to the grant of power set forth in section 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except:
[[Image here]]
(c) Any subject expressly preempted to state or county government by the constitution or by general law....
The priority of interests in real estate under Florida law is generally determined by the operation of three statutes. Section 28.222(2), Florida Statutes (2004), requires the clerk of the circuit court to record instruments in the official records and to “keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument.” Section 695.11, Florida Statutes (2004), provides that “[t]he sequence of [official register numbers required under section 28.222] shall determine the priority of recordation” so that “[a]n instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series.” The legal significance of priority of recordation comes into play in the context of the rule established in section 695.01(1), Florida Statutes (2004), which provides as follows: “No conveyance, transfer, or mortgage of real property, or of any interest therein ... shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law.”[1]
*928 The Legislature has, however, provided separately for the priority of certain liens over the priority established under chapter 695. For example, section 197.122(1), Florida Statutes (2004), provides that “[a]ll taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens.” Similarly, section 170.09, Florida Statutes (2004), provides that special assessment liens are “coequal with the lien of all state, county, district, and municipal taxes, superior in dignity to all other liens, titles, and claims, until paid.”
II. ANALYSIS
Based on the provisions of article VIII, section 2(b), Florida Constitution, and the related provisions in section 166.021, we have acknowledged that “[i]n Florida, a municipality is given broad authority to enact ordinances under its municipal home rule powers.” City of Hollywood v. Mulligan, 934 So.2d 1238, 1243 (Fla.2006). We have also stated that — as is recognized in section 166.021 — “a municipality may legislate concurrently with the Legislature on any subject which has not been expressly preempted to the State.” Hollywood, 934 So.2d at 1243. But we have never interpreted either the constitutional or statutory provisions relating to the legislative preemption of municipal home rule powers to require that the Legislature specifically state that the exercise of municipal power on a particular subject is precluded. Instead, we have held that “[t]he preemption need not be explicit so long as it is clear that the legislature has clearly preempted local regulation of the subject.” Barragan v. City of Miami, 545 So.2d 252, 254 (Fla.1989). We have also recognized that where concurrent state and municipal regulation is permitted because the state has not preemptively occupied a regulatory field, “a municipality’s concurrent legislation must not conflict with state law.” Thomas v. State, 614 So.2d 468, 470 (Fla.1993).
The critical phrase of article VIII, section 2(b) — “except as otherwise provided by law” — establishes the constitutional superiority of the Legislature’s power over municipal power. Accordingly, “[mjunici-pal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute.” Thomas, 614 So.2d at 470. When a municipal “ordinance flies in the face of state law” — that is, cannot be reconciled with state law— the ordinance “cannot be sustained.” Barragan, 545 So.2d at 255. Such “conflict preemption” comes into play “where the local enactment irreconcilably conflicts with or stands as an obstacle to the execution of the full purposes of the statute.” 5 McQuillin Mun. Corp. § 15:16 (3d ed. 2012).
Here, it is undisputed that the Palm Bay ordinance provision establishes a priority that is inconsistent with the priority established by the pertinent provisions of chapter 695. In those statutory provisions, the Legislature has created a general scheme for priority of rights with respect to interest in real property. Giving effect to the ordinance superpriority provision would allow a municipality to displace the policy judgment reflected in the Legislature’s enactment of the statutory provisions. And it would allow the municipality to destroy *929 rights that the Legislature established by state law. A more direct conflict with a statute is hard to imagine. Nothing in the constitutional or statutory provisions relating to municipal home rule or in the Local Government Code Enforcement Boards Act provides any basis for such a municipal abrogation of a state statute. The conflict between the Palm Bay ordinance and state law is a sufficient ground for concluding that the ordinance superpriority provision is invalid.
We categorically reject the City’s argument that the legislative enactment of exceptions to a statutory scheme provides justification for municipalities to enact exceptions to the statutory scheme. No authority supports this argument. The power to create exceptions to a legislative scheme is the power to alter that legislative scheme. “Fundamental to the doctrine of preemption is the understanding that local governments lack the authority to craft their own exceptions to general state laws.” 5 McQuillin Mun. Corp. § 15:18 (3d ed. 2012). Although municipalities generally have “the power to enact legislation concerning any subject matter upon which the state Legislature may act,” § 166.021(3), Fla. Stat. (2004), in exercising their power within that scope municipalities are precluded from taking any action that conflicts with a state statute. In this context, concurrent power does not mean equal power.
III. CONCLUSION
The Fifth District correctly concluded that the superpriority provision of the Palm Bay ordinance is invalid because it conflicts with state law. We approve that determination and answer the certified question in the negative.
It is so ordered.
POLSTON, C.J., and LEWIS, QUINCE, and LABARGA, JJ., concur.
PERRY, J., dissents with an opinion, in which PARIENTE, J., concurs.

. The Fifth District states that section 695.11 "codifies ... the common law rule of first in time, first in right.” Palm Bay, 57 So.3d at 227. Although it has no bearing on the preemption question at issue in this case, we note that this characterization of Florida law is *928 misleading. The comment incorrectly leaves section 695.01(1) out of consideration and suggests that priority of recordation necessarily establishes priority of right. A thoughtful discussion of the operation of Florida law in determining priority of interests in real property is contained in Argent Mortgage Co., LLC v. Wachovia Bank N.A., 52 So.3d 796 (Fla. 5th DCA 2010); see also Van Eepoel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 438, 129 So. 892 (1930).