# Third District Court of Appeal

**State of Florida**

Opinion filed November 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1575
Lower Tribunal No. 14-201-K
_____

**Norma Barton,**
Appellant,

vs.

**MetroJax Property Holdings, LLC, a Nevada limited liability company, et al.,**
Appellees.

_____

**MetroJax Property Holdings, LLC, a Nevada limited liability company,**
Cross-Appellant,

vs.

**The City of Key West**, **a Florida municipal corporation,**
Cross-Appellee.

An Appeal from the Circuit Court for Monroe County, Donald C. Evans, Senior Judge, and Mark Jones, Judge.

Highsmith & Van Loon, P.A., and David Van Loon and Kasey W. Liberatore, for appellant.

McGlinchey Stafford, and Manuel Farach (Fort Lauderdale), for appellee/cross-appellant, MetroJax Property Holdings, LLC.

Shawn D. Smith, City Attorney, and George B. Wallace, Assistant City Attorney, for appellee/cross-appellee, The City of Key West.

Before WELLS and LOGUE, JJ., and LEVY, Senior Judge.

Partial Confession of Error

PER CURIAM.

Norma Barton ("Barton") appeals and MetroJax Property Holdings, LLC ("MetroJax") cross-appeals from a final judgment of foreclosure. We affirm in part, reverse in part, and remand for entry of a final judgment consistent with this opinion.

On October 22, 2003, Barton executed a note and mortgage in favor of Bayrock Mortgage Company ("Bayrock"), and the mortgage was recorded on November 5, 2003. The note was assigned to Wells Fargo Bank, N.A. ("Wells Fargo") on October 28, 2003, but the assignment of the mortgage was not recorded.

In July and September 2011, The City of Key West ("the City") recorded code compliance liens against Barton. Thereafter, in January 2013, an affidavit of lost or missing assignment was recorded reflecting the assignment of the mortgage

2

from Bayrock to Wells Fargo. Eventually, in March 2013, the note and mortgage were assigned to MetroJax.

In March 2014, MetroJax filed a mortgage foreclosure action against Barton and the City, alleging that MetroJax was the current owner and holder of the promissory note and mortgage originally executed by Barton in favor of Bayrock. In addition, MetroJax alleged that the City may claim an interest in the real property based on the City's recorded liens, but the mortgage has priority over the City's liens. In response, the City filed its answer and affirmative defenses, asserting that because an assignment of the mortgage from Bayrock to Wells Fargo was not recorded prior to the City's recording of its liens, based on the application of section 701.02(1) of the Florida Statutes,[1] the City's liens were superior to the mortgage, even though the mortgage was recorded first.

Following a bench trial, the trial court entered a final judgment foreclosing MetroJax's mortgage. The trial court, however, ruled that "because Wells Fargo failed to comply with the clear language of F.S. 701.02(1)," the City's code

---

[1] Section 701.02(1), Florida Statutes (2011), provides:
> **Assignment not effectual against creditors unless recorded and indicated in title of document; applicability.—**
> (1) An assignment of a mortgage upon real property or of any interest therein, is not good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the assignment is contained in a document that, in its title, indicates an assignment of mortgage and is recorded according to law.

compliance liens are superior to MetroJax's lien on the property. Barton's appeal and MetroJax's cross-appeal followed.

Without any further discussion, we affirm the portion of the final judgment foreclosing MetroJax's mortgage. However, based upon MetroJax's proper partial confession of error, we reverse the portion of the final judgment awarding attorney's fees and costs to MetroJax and remand for the entry of an amended final judgment reflecting the correct amount due from Barton to MetroJax.

In its cross-appeal, MetroJax contends that the trial court erred by holding that the City's later-recorded code compliance liens have priority over MetroJax's earlier-recorded mortgage based on the application of section 701.02(1). We agree.

In determining the priority of interests in real property, Florida is a "notice" state. See § 695.01(1), Fla. Stat. (2013) ("No conveyance, transfer, or mortgage of real property, or of any interest therein, . . . shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law . . . ."); Argent Mortg. Co., LLC v. Wachovia Bank, N.A., 52 So. 3d 796, 800 (Fla. 5th DCA 2010) (rejecting argument that Florida was converted from a "notice" state to a "race-notice" state based on the addition of the following language in 1967 to section 695.11, titled "Instruments deemed to be recorded from time of filing":

4

"The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then-current series of numbers **shall have priority over** any instrument bearing a higher number in the same series.") (emphasis added); see also City of Palm Bay v. Wells Fargo Bank, N.A., 114 So. 3d 924, 927 n.1 (2013) (providing that "[a] thoughtful discussion of the operation of Florida law in determining priority of interests in real property is contained in Argent Mortgage"). However, the Florida Legislature has enacted statutes giving priority to "certain liens over the priority established under chapter 695." City of Palm Bay, 114 So. 3d at 928 (noting that section 197.122(1) of the Florida Statutes provides that "[a]ll taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens").

In the instant case, prior to recording its code compliance liens in 2011, the City had constructive notice of the earlier-recorded mortgage executed by Barton in favor of Bayrock in 2003. See Regions Bank v. Deluca, 97 So. 3d 879, 883 (Fla. 2d DCA 2012) ("Constructive notice is a legal inference, and it is imputed to creditors and subsequent purchasers by virtue of any document filed in the grantor/grantee index—the official records.") (quoting Dunn v. Stack, 418 So. 2d 345, 349 (Fla. 1st DCA 1982), quashed on other grounds, 444 So. 2d 935 (Fla.1984)). Therefore, based on section 695.01(1), the earlier-recorded Bayrock mortgage, which is now owned by MetroJax, is superior to the City's later-

5

recorded code compliance liens. However, the City argued below, and the trial court found, that the earlier-recorded mortgage lost its priority based on the application of section 701.02(1) solely because an assignment of the mortgage from Bayrock to Wells Fargo was not recorded prior to the City's recording of its liens. The City's and the trial court's reliance on section 701.02(1) is misplaced.

In JP Morgan Chase v. New Millennial, LC, 6 So. 3d 681 (Fla. 2d DCA 2009), our sister court addressed the application of section 701.02(1) as it relates to the failure to record an assignment of a mortgage. In JP Morgan, Mr. Jahren obtained two mortgages from AmSouth when he purchased real property in 2000. In 2004, AmSouth assigned these mortgages to JP Morgan, but the assignments were not recorded.

In 2006, Mr. Jahren sold his real property to New Millennial, who executed a note and mortgage in favor of BB & T. Based on the closing agent's error, the AmSouth mortgages, which at the time were assigned to JP Morgan, were never satisfied. Shortly thereafter, the two mortgages went into default, and JP Morgan, as AmSouth's assignee, filed a foreclosure action against several defendants, including New Millennial and BB & T. New Millennial and BB & T defended the foreclosure action "by arguing that the mortgages were ineffective and unenforceable against them because JP Morgan had not recorded the assignments received from AmSouth, as required by section 701.02, Florida Statutes (2004)."

Id. at 683. Both sides filed motions for summary judgment.

The trial court granted New Millennial and BB & T's motion for summary judgment, finding that New Millennial was protected by section 701.02 because it is a subsequent purchaser for valuable consideration who was without notice of the assignments. The trial court also determined that BB & T was protected by section 701.02 because it is a subsequent creditor for valuable consideration who was without notice of the assignments.

On appeal, the Second District Court of Appeal reversed the summary judgment granted in favor of New Millennial and BB & T, concluding that the trial court misapplied section 701.02(1). In doing so, the Second District held that section 701.02(1)

> only applies to estop an earlier purchaser/assignee of a *mortgagee*—the person or entity that loaned the money involved in the mortgage and obtained a security interest on the piece of property—from claiming priority in the same mortgage chain as against a subsequent assignee of the same mortgage when the earlier *mortgagee* fails to record the earlier assignment of the mortgage. In other words, if the original mortgagee assigns the mortgage to Entity A and Entity A fails to record that assignment, Entity A cannot claim priority over a latter assignee of the same mortgage (Entity B).

In reaching this conclusion, the Second District relied on Kapila v. Atlantic Mortgage & Investments Corp. (In re Halabi), 184 F.3d 1335 (11th Cir. 1999), which held that section "701.02's recording requirement is applicable only to (and enforceable by) competing creditors or subsequent *bona fide* purchasers of the

7

*mortgagee,* not by the mortgagor." Id. at 1338 (emphasis added in JP Morgan).

The Second District also noted that in In re Halabi, 184 F.3d at 1338, the Eleventh

Circuit stated:

> The recording requirement is not intended to protect one claiming under a mortgagor-against whose property there is already a perfected mortgage-with respect to subsequent assignments of the mortgage. The mortgagor has actual notice of the original mortgage, and *anyone claiming under the mortgagor has constructive notice if the mortgage is recorded.* From the point of view of the mortgagor or someone standing in his shoes, *a subsequent assignment of the mortgagee's interest-whether recorded or not-does not change the nature of the interest of the mortgagor or someone claiming under him.* Nor should a failure to record any subsequent assignment afford the mortgagor or [anyone] standing in his shoes an opportunity to avoid the mortgage.

(emphasis added and alteration supplied in JP Morgan).

As stated earlier, it is undisputed that the City had, at the very least,

constructive notice of the earlier-recorded Bayrock mortgage when it recorded its

code compliance liens against Barton. As set forth in JP Morgan, the purpose of

section 701.02(1)'s recording requirement is to protect assignees of mortgages, not

creditors of borrowers or others who place liens on the real property after the

mortgage has been recorded. The failure to record an assignment of the mortgage

from Bayrock to Wells Fargo prior to the City's recording of the code compliance

liens does not give the City's liens priority over the earlier-recorded mortgage. See

Bradenburg v. Residential Credit Sols., Inc., 137 So. 3d 604, 605 (Fla. 4th DCA

2014) ("[T]he failure to record an assignment [of the mortgage] does not render it

8

invalid but simply affects the rights/priority of the assignee mortgagees against other assignees.") (citing § 701.02, Fla. Stat. (2013); <u>JP Morgan</u>, 6 So. 3d at 684-86). As stated in <u>JP Morgan</u>, "[a]ny other interpretation of section 701.02 would turn well-established secured transaction principles on their heads[.]" <u>Id.</u> at 685. Therefore, we reverse and remand for entry of an amended final judgment of foreclosure that reflects that MetroJax's earlier-recorded mortgage has priority over the City's later-recorded code compliance liens.

Affirmed in part, reversed in part, and remanded for entry of an amended final judgment of foreclosure consistent with this opinion.