# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1046
Lower Tribunal No. 15-10776
_____

**Miami-Dade County,**
Appellant,

vs.

**Lansdowne Mortgage, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Abigail Price-Williams, Miami-Dade County Attorney, and Michael J. Mastrucci and Jorge Martinez-Esteve, Assistant County Attorneys, for appellant.

Ritter, Zaretsky, Lieber & Jaime LLP, and Vivian Jaime, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SALTER, JJ.

ROTHENBERG, C.J.

Miami-Dade County ("the County") appeals the trial court's entry of a final judgment of foreclosure, which granted Lansdowne Mortgage, LLC's ("Lansdowne") motion for summary judgment, and the subsumed order denying the County's cross-motion for summary judgment, which found that the County's homestead tax lien was inferior to Lansdowne's mortgage on the subject property. Because the trial court improperly prioritized Lansdowne's mortgage over the County's tax lien, in contravention of section 197.122(1), Florida Statutes (2015), we reverse.

Lansdowne's mortgage on the subject property was executed and recorded in September 2007. The County's tax lien on the subject property was recorded in January 2014. The tax lien resulted from the tax assessor's determination that the property improperly received homestead benefits. In May 2015, Lansdowne filed a foreclosure action against the County, among others, alleging in part that because its mortgage was recorded prior to the recording of the County's tax lien, its mortgage had priority over the tax lien. Lansdowne and the County filed cross-motions for summary judgment on the issue of priority. The trial court granted Lansdowne's motion and denied the County's motion, concluding that Lansdowne's mortgage was superior to the County's tax lien pursuant to Florida's recording statute. See § 695.01(1), Fla. Stat. (2015). After the trial court entered a

2

final judgment of foreclosure and an order denying the County's motion for rehearing, the County appealed.

Generally, courts in Florida employ section 695.01(1) when determining the priority of interests in real property. Barton v. MetroJax Prop. Holdings, LLC, 207 So. 3d 304, 306 (Fla. 3d DCA 2016). "However, the Florida Legislature has enacted statutes giving priority to 'certain liens over the priority established under chapter 695.'" Id. (quoting City of Palm Bay v. Wells Fargo Bank, N.A., 114 So. 3d 924, 928 (Fla. 2013)). One such example is section 197.122(1), which states that "[a]ll taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed . . . ." See City of Palm Bay, 114 So. 3d at 928. Thus, according to the unambiguous text of section 197.122(1), the County's homestead tax lien shall be "superior to all other liens," including Lansdowne's mortgage lien.

Lansdowne contends that the general priority scheme in section 197.122(1) does not apply to the instant tax lien because there is a more specific statute, section 196.161, Florida Statutes (2015), which addresses the priority of liens that are imposed to remedy the improper grant of homestead tax exemptions. See § 196.161(3), Fla. Stat. (2015) (stating that before the notice of the homestead tax lien is filed among the appropriate public records, "any purchaser for value of the subject property shall take free and clear of such lien."). However, section

3

196.161(3) does not expressly or impliedly affect the **priority** of homestead tax liens over other liens on a particular piece of real property. When read in context, it is clear that the statute covers the subject of when and how such a lien **attaches** to a given property:

> The lien herein provided shall not attach to the property until the notice of tax lien is filed among the public records of the county where the property is located. Prior to the filing of such notice of lien, any purchaser for value of the subject property shall take free and clear of such lien. Such lien when filed shall attach to any property which is identified in the notice of lien and is owned by the person who illegally or improperly received the homestead exemption. . . .

Id. We therefore disagree with Lansdowne's argument, adopted by the trial court, that the priority of the County's tax lien in this case should be governed by section 196.161(3) instead of section 197.122(1). Accordingly, we find that the trial court erred by denying the County's motion for summary judgment and granting Lansdowne's motion for summary judgment on the issue of priority. We also find Lansdowne's remaining arguments to be meritless, and we therefore decline to specifically address them.

Reversed and remanded.