DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAUREL KELLY,** as Martin County Property Appraiser, and **RUTH PIETRUSZEWSKI,** as Martin County Tax Collector,
Appellants,

v.

**GREEN TREE SERVICING, LLC,**
Appellee.

No. 4D19-1454

[July 29, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Mirman, Judge; L.T. Case No. 562015-CA-001566.

Gaylord A. Wood Jr. and J. Christopher Woolsey of Law Offices of Wood & Stuart, P.A., Bunnell, for appellants.

Marc James Ayers of Bradley Arant Boult Cummings, LLP, Birmingham, Alabama, and Tara M. Petzoldt of Bradley Arant Boult Cummings, LLP, Tampa, for appellee.

LEVINE, C.J.

In this case, we are asked to consider a question of statutory interpretation regarding section 197.122(1), Florida Statutes (2018), and priority of liens. The Martin County Property Appraiser and the Martin County Tax Collector ("appellants") claim that a tax lien has priority over appellee Green Tree Servicing's prior recorded mortgage. We find that, under the clear and unambiguous plain language of section 197.122(1), Green Tree's prior recorded mortgage was superior to the tax lien because the taxes were not assessed against the subject property as required under section 197.122(1). Therefore, we affirm the trial court's judgment in favor of Green Tree.

A non-party to this appeal improperly received a homestead exemption on property he owned in Martin County. After he sold the Martin County property, on May 16, 2011 appellants recorded a tax lien on another property he owned in St. Lucie County. The tax lien was based entirely on

the improper homestead exemption he had received on the Martin County property.

Subsequently, Green Tree foreclosed on the St. Lucie County property based on a mortgage it had recorded on March 25, 2004. Because Green Tree failed to name appellants as parties in the foreclosure action, it filed a complaint against appellants to quiet title and to compel redemption on the St. Lucie County property. Green Tree claimed that its interest in the property was superior to appellants' tax lien. Appellants filed a counterclaim to foreclose a lien for unpaid property taxes, claiming that the tax lien was superior to Green Tree's mortgage.

Following cross-motions for summary judgment, the trial court entered a judgment in favor of Green Tree. From this judgment, appellants appeal.

"The construction of a statute is an issue of law subject to *de novo* review." *Aramark Unif. & Career Apparel, Inc. v. Easton*, 894 So. 2d 20, 23 (Fla. 2004).

The trial court entered a judgment for Green Tree, stating that:

> According to the unambiguous text of section 197.122(1), Florida Statutes (2018), a tax lien is a first lien only on the "property against which the taxes have been assessed . . . ." Because the subject taxes were not assessed against the St. Lucie Property, the subject tax lien does not have priority over Green Tree's prior recorded mortgage which Green Tree seeks to enforce in this suit.

The trial court got it right.

When we engage in statutory analysis, "we must look first to the language of the statute and its plain meaning." *Hill v. Davis*, 70 So. 3d 572, 575 (Fla. 2011) (citation omitted). That is because "the statute's text is the most reliable and authoritative expression of the Legislature's intent." *Id.* (citation omitted). When the language of a statute is clear and unambiguous, a court may not resort to the rules of statutory construction. *Rollins v. Pizzarelli*, 761 So. 2d 294, 297 (Fla. 2000). Rather, "the statute must be given its plain and obvious meaning." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984). Courts "are not at liberty to add words to the statute that were not placed there by the Legislature" and must reject an interpretation that "adds an exclusion to [a] statute that the statute does not provide." *Lawnwood Med. Ctr., Inc. v. Seeger*, 990 So. 2d

503, 512 (Fla. 2008) (citation omitted); *Boulis v. Blackburn*, 16 So. 3d 186, 189 (Fla. 4th DCA 2009).

We are governed initially by "[t]he well-established rule governing priority of lien interests [that] 'the first in time is the first in right.'" *Bank of S. Palm Beaches v. Stockton, Whatley, Davin & Co.*, 473 So. 2d 1358, 1360 (Fla. 4th DCA 1985). Pursuant to this rule, an earlier recorded instrument takes priority over a later recorded instrument. § 695.11, Fla. Stat. (2018). "The Legislature has, however, provided separately for the priority of certain liens over the priority established under chapter 695." *City of Palm Bay v. Wells Fargo Bank, N.A.*, 114 So. 3d 924, 928 (Fla. 2013). Significantly, in the instant case, Green Tree's mortgage was recorded on March 25, 2004, approximately seven years prior to appellants' tax lien, which was recorded on May 16, 2011. Thus, Green Tree's mortgage has priority unless a specific statutory exception applies.

Appellants argue that the exception to the standard priority of liens in section 197.122(1) would apply. Section 197.122(1) states that

> [a]ll taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, *on any property against which the taxes have been assessed* . . . .

(emphasis added). Appellants emphasize the portion of the statute which makes tax liens "a first lien, superior to all other liens." However, the statute also expressly limits its application to provide priority to tax liens only with regard to "property against which the taxes have been assessed." Here, the subject taxes were assessed against the Martin County property, not the St. Lucie County property. Therefore, the exception set forth in section 197.122(1) does not apply. Because the exception would not apply, appellants' tax lien would not have priority over Green Tree's prior recorded mortgage.

Other courts interpreting analogous statutes have reached the same conclusion. For instance, in *Walter E. Heller & Co. Se., Inc. v. Williams*, 450 So. 2d 521, 527 (Fla. 3d DCA 1984), the Third District found that the county had "a 'superior' lien for unpaid personal property taxes only upon the *specific personal property assessed for taxes* . . . ." (emphasis added). Thus, the tax collector could not obtain first-priority status on the proceeds of notes given to the taxpayer on the sale of real property because it was not the specific property that was the subject of the personal property tax assessment. *See also City of Tampa v. Commercial Bldg. Co.*, 54 F.2d 1057 (5th Cir. 1932) (rejecting claim that tax liens were superior

3

to a landlord's lien for unpaid rent where the very language of the statute gave a priority lien only on the property against which the tax is assessed); *Scottish Am. Mortg. Co. v. Minidoka Cnty.*, 272 P. 498, 500 (Idaho 1928) ("[T]he courts have always so construed the statutes as to give the lien of taxes priority over senior incumbrances, if at all, only upon the property itself upon which the tax was levied.").

Appellants' reliance on *Miami-Dade County v. Lansdowne Mortgage, LLC*, 235 So. 3d 960 (Fla. 3d DCA 2017), is misplaced because that case involved a tax lien that resulted from taxes assessed on the subject property, unlike the instant case that involves a tax lien that resulted from taxes assessed on a different property. Had this case involved a lien for taxes assessed on the same property, then *Lansdowne* would have been applicable, and we would have had a different result.

In sum, because the subject taxes were assessed on the Martin County property, and not assessed against the St. Lucie County property, the subject tax lien did not have priority over Green Tree's prior recorded mortgage for the St. Lucie County property. Therefore, following the plain language of the statute, we affirm.

*Affirmed.*

DAMOORGIAN and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

4