# Third District Court of Appeal
## State of Florida

Opinion filed June 10, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0766
Lower Tribunal No. M24-22790
_____


**Matias Sergio Quiroga,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Lizzet Martinez, Judge.

Carlos J. Martinez, Public Defender, and Amy Lynn Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.


Before LOGUE, LINDSEY and GOODEN, JJ.

GOODEN, J.

Subject matter jurisdiction is not a mere technicality. It is the court's fundamental authority to act. That authority was absent from the inception of this case. The prosecution of Appellant Matias Sergio Quiroga under phantom municipal ordinances for actions on tribal land exceeded the trial court's reach. Without a jurisdictional basis to adjudicate these claims, the conviction and sentence cannot stand. We reverse.

## I.

Quiroga was a guest at the Miccosukee Casino and Resort, located on the Miccosukee Indian Reservation in Miami-Dade County. He went to the lobby to lodge a complaint. During the interaction with staff, Quiroga became animated.

Officer Manuel Lopez, an officer with the Miccosukee Tribe Police Department, told Quiroga to return to his room. Quiroga refused. Officer Lopez ordered Quiroga to turn around and place his hands behind his back. Quiroga again refused. Officer Lopez then forced Quiroga to the ground and placed him in handcuffs.

Officer Lopez completed an arrest affidavit, which was filed in the county court. The arrest affidavit listed two charges: disorderly intoxication in violation of municipal ordinance 18-18 and resisting arrest without violence

in violation of municipal ordinance 10-10. But the affidavit failed to specify which jurisdiction's ordinances Quiroga violated.

Without filing an indictment or information, the State proceeded to prosecute Quiroga on the purported ordinance violations. But neither the trial court nor the parties ever discussed which government enacted the ordinances Quiroga allegedly violated. Instead, the court and parties apparently assumed that the elements of these purported ordinances paralleled the elements of sections 856.011 and 843.02, Florida Statutes. Ultimately, the jury found Quiroga guilty of disorderly intoxication, and not guilty of resisting an officer without violence.

On appeal, Quiroga asserts that the trial court lacked subject matter jurisdiction since section 285.16, Florida Statutes, does not confer jurisdiction for violations of local ordinances on tribal lands. Nor are there any corresponding ordinances from any local jurisdiction matching what he was purportedly charged with. In other words, the listed ordinances do not exist.

Citing section 34.01(1)(b), Florida Statutes, the State adamantly disputed that the trial court lacked subject matter jurisdiction. It maintained this was a mere technical deficiency in the charging document and it

3

prosecuted Quiroga with a violation of section 856.011, Florida Statutes.[1]
Lastly, it asserted that Quiroga's argument was not preserved for appeal since it was not raised below and requested us to affirm.

We set this matter for oral argument. But days before the scheduled argument, the State partially confessed error.[2] So we removed the case from the calendar.

## II.

We review the trial court's subject matter jurisdiction de novo. Jacobsen v. Ross Stores, 882 So. 2d 431, 432 (Fla. 1st DCA 2004).

## III.

Subject matter jurisdiction defines a court's power to hear and decide a case. In re Adoption of D.P.P., 158 So. 3d 633, 636 (Fla. 5th DCA 2014).

---

[1] We reject this argument. If the State charged Quiroga with a statutory violation, it was required to proceed by indictment or information—which was not filed here. See Fla. R. Crim. P. 3.140(a)(2) ("In circuit courts and county courts, prosecution shall be solely by indictment or information, except that prosecution in county courts for violations of municipal ordinances and metropolitan county ordinances may be by affidavit or docket entries and prosecutions for misdemeanors, municipal ordinances, and county ordinances may be by notice to appear issued and served pursuant to rule 3.125."); see also McKinnon v. State, 430 So. 3d 1043, 1044 (Fla. 3d DCA 2026).

[2] While the State conceded that there was no subject matter jurisdiction, it urged us to review the conviction for sufficiency of the evidence. We decline that invitation.

4

This power is bestowed by the Florida Constitution and state statutes. <u>Bell v. Kornblatt</u>, 705 So. 2d 113, 114 (Fla. 4th DCA 1998). "[I]t is a power that arises solely by virtue of law." <u>Fla. Exp. Tobacco Co., Inc. v. Dep't of Revenue</u>, 510 So. 2d 936, 943 (Fla. 1st DCA 1987).

"Subject matter jurisdiction is vital to the court's ability to adjudicate. For this reason, an objection to subject matter jurisdiction can be raised at any time." <u>FQS Enter., LLC v. B & K Factor, Inc.</u>, 407 So. 3d 585, 587 (Fla. 3d DCA 2025) (Gooden, J., specially concurring). <u>See also</u> Fla. R. Civ. P. 1.140(h)(2). It is "uniquely unwaivable" and "the parties cannot confer such authority on a court." <u>JJJTB, Inc. v. Schmidt</u>, 415 So. 3d 129, 132 (Fla. 2025). <u>See also</u> <u>id.</u> at 134 (Couriel, J., concurring) ("Because subject matter jurisdiction concerns the scope of judicial power, it isn't a matter for the parties to waive, although they may contest whether the court, in any case, has it."); <u>Seven Hills, Inc. v. Bentley</u>, 848 So. 2d 345, 350 (Fla. 1st DCA 2003) ("Subject matter jurisdiction, which arises only as a matter of law, cannot be created by waiver, acquiescence or agreement of the parties, by error or inadvertence of the parties or their counsel, or by the exercise of the power of the court."). "Where judicial tribunals have no jurisdiction of the subject matter on which they assume to act, their proceedings are absolutely void in

5

the strictest sense of the term. . . ." Roberts v. Seaboard Sur. Co., 29 So. 2d 743, 748 (Fla. 1947).

To determine subject matter jurisdiction in criminal cases, we examine the charging document in view of the Florida Constitution and applicable statutes. See State v. Vazquez, 450 So. 2d 203, 204 (Fla. 1984); L.L.H. v. State, 873 So. 2d 1252, 1254 (Fla. 5th DCA 2004). The State proceeded on an arrest affidavit—citing municipal code 10-10 and 18-18 from an unknown jurisdiction—for actions on tribal land. The threshold question is whether the State has the authority to charge individuals with ordinance violations committed on tribal land.

## A.

"[T]he Constitution grants Congress broad general powers to legislate in respect to Indian tribes" and these powers are "plenary and exclusive." United States v. Lara, 541 U.S. 193, 200 (2004). To that end, state law seldom applies to actions on tribal lands unless Congress so provides. Fla. House of Representatives v. Crist, 999 So. 2d 601, 613 (Fla. 2008). See also Worcester v. State of Ga., 31 U.S. 515, 561 (1832) (Marshall, C.J.). In 1953, Congress did so and allowed certain states to decide whether it would assume civil and criminal jurisdiction within its borders. Public Law 280, Act of August 15, 1953, § 6, 67 Stat. 590. Congress provided:

6

> The consent of the United States is hereby given to any other State not having jurisdiction with respect to criminal offenses or civil causes of actions, or with respect to both, as provided for in this Act, to assume jurisdiction at such time and in such manner as the people of the State shall, by affirmative legislative action, obligate and bind the State to assumption thereof.

Id. at § 7.

Florida first consulted with the Seminole Tribe and obtained its consent.[3] See David Getches, et al., Cases and Materials on Federal Indian Law 491 (4th ed. 1998). Then, beginning in 1961, Florida assumed such jurisdiction.[4] See ch. 61–252, §§ 1–2, at 452–53, Laws of Fla. Codified in section 285.16, Florida Statutes, this assumption provides:

(1) The State of Florida hereby assumes jurisdiction over criminal offenses committed by or against Indians or other persons within Indian reservations and over civil causes of actions between Indians or other persons or to which Indians or other persons are parties rising within Indian reservations.

(2) The civil and criminal laws of Florida shall obtain on all Indian reservations in this state and shall be enforced in the same manner as elsewhere throughout the state.

---

[3] The federal government did not recognize the Miccosukee Tribe until 1962.

[4] See generally Art. V, § 6(b), Fla. Const. ("The county courts shall exercise the jurisdiction prescribed by general law. Such jurisdiction shall be uniform throughout the state.").

§ 285.16, Fla. Stat.  Thus, Florida's civil and criminals laws are enforceable on tribal lands.[5]

But this section does not reference local municipal ordinances.  See Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts 93 (2012) ("Nothing is to be added to what the text states or reasonably implies . . . .  That is, a matter not covered is to be treated as not covered."); State v. Demons, 351 So. 3d 10, 15 (Fla. 4th DCA 2022) ("This canon is another way of stating the longstanding principle that courts are not at liberty to add words to a statute that the legislature has not expressly provided.").

Turning to other contextual clues, there is no evidence that ordinances would fall within the original public meaning of "criminal laws of Florida . . . enforced in the same manner as elsewhere throughout the state."  Indeed, ordinances are not applicable throughout the state.  By their very definition, ordinances only apply locally within a certain jurisdiction.  See Ordinance, Ballentine's Law Dictionary 896 (3d ed. 1969) ("The act of the legislative body of a municipal corporation.  A local law of a municipal corporation, of a general and permanent nature."); Ordinance, Black's Law Dictionary 1248 (rev. 4th ed. 1968) ("the term is used to designate the enactments of the

---

[5] For an explanation of how other states addressed Public Law 280, see Felix S. Cohen, Handbook of Federal Indian Law 544–45 (2005 ed.).

legislative body of a municipal corporation."); Ordinance, <u>Webster's New World Dictionary of the American Language</u> 1032 (1960) ("in law, a statute enacted by the legislative department of a city government.").[6]  They are inferior to the laws of Florida.  <u>City of Palm Bay v. Wells Fargo Bank, N.A.</u>, 114 So. 3d 924, 928 (Fla. 2013).

To this end, this section does not confer subject matter jurisdiction over violations of local ordinances committed on tribal land.  <u>See</u> Op. Att'y Gen. Fla. 77-29, at 2 (1977); Op. Att'y Gen. Fla. 94-45, at 2 n.6 (1994).   And it certainly does not confer jurisdiction for phantom ordinances that do not exist.   A trial court may not act beyond the power given to it by the people through the Constitution and state statute.  The trial court did so here.

## IV.

Above all, the trial court had no subject matter jurisdiction over this criminal prosecution of Quiroga.   The State cannot prosecute a criminal defendant for a violation of a municipal ordinance that occurred on tribal land. And it cannot prosecute phantom ordinances.  The conviction and sentence

---

[6] A municipal corporation is an "incorporation of persons, inhabitants of a particular place, or connected with a particular district, enabling them to conduct its local civil government."  Municipal corporation, <u>Black's Law Dictionary</u> 1168 (rev. 4th ed. 1968).  It only has "subordinate and local powers of legislation."  <u>Id.</u>

9

are vacated.  See, e.g., Andujar-Ruiz v. State, 320 So. 3d 228, 230 (Fla. 2d DCA 2021); Barlow v. State, 171 So. 3d 777, 777 (Fla. 2d DCA 2015); Wesley v. State, 375 So. 2d 1093, 1094 (Fla. 3d DCA 1979).

Reversed; Conviction and sentence vacated.

LINDSEY, J., concurs.

LOGUE, J., concurring.

I concur in the result based upon the following broad and commendable confession of error by the State:

> The State concedes that there were two independent defects – each individually sufficient to negate jurisdiction which combine to render the prosecution void: (1) prosecution under a municipal ordinance for conduct occurring on Indian land is impermissible because Florida's assumption of criminal jurisdiction over Indian reservations under Fla. Stat. § 285.16 is limited to state laws of statewide application, which expressly excludes local ordinances; and (2) the complete absence of a filed information or a Notice to Appear with the correct Florida Statute or municipal ordinance violation or any other valid charging document deprives the county court of the jurisdictional predicate required by Florida case law and the 1977 Fla. Op. Atty. Gen. 61. See Vasquez v. State, 450 So. 2d 203, 204 (Fla. 1984) (holding that "[j]urisdiction in criminal cases is determined by the charge made in the indictment or information."). Specifically, because the arrest affidavit did not reference Florida Statute § 856.011 and only referenced a municipal ordinance, even though there was no objection below to the arrest affidavit serving as a Notice to Appear which would have been permissible, the court did not have jurisdiction over this case.

I note the trial court did not have the benefit of this confession of error.

11